UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, *et al.*, | 22-CV-8232 (JPO) |
| Petitioners, | ORDER |
| -v- | |
| RNW ELECTRIC CORP., | |
| Respondent. | |

J. PAUL OETKEN, District Judge:

Petitioners, various trustees of employee benefit funds ("the Funds") and the New York

City District Council of Carpenters ("the Union"), bring this action against Respondent RNW

Electric Corp. under Section 301 of the Labor Management Relations Act to confirm and enforce

an arbitration award issued by Arbitrator J.J. Pierson on July 25, 2022.  For the reasons that

follow, Petitioners' motion is granted.

I.      **Background**

Petitioners and Respondent are bound by a New York City Department of Design and

Construction Project Labor Agreement (PLA).  (ECF No. 1 ¶¶ 9-10).  The PLA and the

Independent Heavy Construction Agreement incorporated therein require Respondent to make

benefit fund contributions "for every hour worked by its employees within the trade and

geographical jurisdiction of the Union."  (*Id.* ¶¶ 14-17.)  Following an audit for the period of

September 11, 2019 to December 16, 2020, Petitioners claimed that Respondent had been

deficient in making its required contributions.  (*Id.* ¶ 23.)  Petitioners subsequently initiated

arbitration proceedings, seeking $18,341.48, consisting of "the principal audit deficiency of $2,908, interest thereon of $277.27, liquidated damages of $581.60, audit costs of $3,277.50, promotional fund contributions of $16.80, prior late payment interest of $8,380.31, court costs of $400, attorney's fees of $1,500, and the arbitrators fee of $1,000." (*Id.* ¶ 27.)

Arbitrator J.J. Pierson sent notice to Respondent prior to the arbitration hearing, but Respondent failed to appear. (ECF Nos. 1-9; 1-10). After reviewing the audit, Arbitrator Pierson found in favor of Petitioners.

On September 27, 2022, Petitioners filed a petition to confirm the arbitration award. (ECF No. 1.) Respondent was served with the petition on September 29, 2022. (ECF No. 7.) The Court subsequently issued an order notifying Respondent that the petition to confirm arbitration would be treated as unopposed if it failed to appear by November 25, 2022. (ECF No. 9.) No appearance has been entered on Respondent's behalf and no response to the petition was filed in the allotted time.

## II.    Discussion

Under the Federal Arbitration Act, 9 U.S.C. § 9, a court "must grant" a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [the Act]." 9 U.S.C. § 9. "[T]he showing required to avoid summary confirmation of an arbitration award is high." *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Onyx Glass & Metal Corp.*, 2015 WL 5144120, at *3 (S.D.N.Y. Sept. 1, 2015) (Engelmayer, J.) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotations and citations omitted). Even "a barely colorable justification for the outcome reached" in an

arbitration is sufficient for confirmation.  *Kolol Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103-04 (2d Cir. 2013) (quoting *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008)).  A court may deny a petition to confirm an arbitration award only on a limited number of grounds, including: "corruption, fraud, or undue means"; "evident partiality or corruption in the arbitrators"; where the arbitrators engaged in specified misconduct; where the arbitrators "exceeded their powers"; or where the arbitrators evinced a "manifest disregard for the law."  9 U.S.C. § 10(a); *see also Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 121 (2d Cir. 2011).

When a party has failed to appear and contest the motion to confirm arbitration, "the Court must still 'examin[e] the moving party's submission to determine if it has met its burden.'" *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Harbor Island Contracting Inc.*, 2015 WL 5146093, at *1 (S.D.N.Y. Aug. 31, 2015) (Nathan, J.) (quoting *D.H. Blair & Co.*, 462 F.3d at 110).  The plaintiff's motion is "evaluated under the legal standard applicable to a motion for summary judgment."  *Onyx Glass*, 2015 WL 5144120, at *3 (citing *D.H. Blair & Co.*, 462 F.3d at 109); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Here, there is no evidence of a genuine dispute as to any material fact, and Petitioners are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The PLA and the Independent Heavy Construction Agreement permit Petitioners to seek arbitration in the event of Respondent's delinquency, and Arbitrator Pierson did not exceed his authority.  Arbitrator Pierson duly notified all parties in advance of the arbitration hearing and Respondent failed to

appear.  Given the record established by the Arbitrator's Award, and the fact that Respondent has presented no evidence of any basis for vacatur, the petition is granted.

III.   **Conclusion**

For the foregoing reasons, Petitioners' petition to confirm the Arbitration Award is GRANTED.  The Clerk of Court is directed to enter judgment in favor of Petitioners in the amount of $18,341.48, plus interest at the annual rate of 5.5% from July 25, 2022 (the date of the arbitration award), attorney's fees in the amount of $467.50, costs in the amount of $77.00, and post-judgment interest at the statutory rate.

The Clerk of Court is directed to close this case.

Petitioners are directed to mail a copy of this Order to Respondent.


SO ORDERED.

Dated: April 25, 2023
       New York, New York

J. PAUL OETKEN
United States District Judge